

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00051-CV

**MARK SERVINSKY, PE
AND SERVINSKY ENGINEERING, PLLC,**

**Appellants**

**v.**

**CAROLINES GARDEN, LLC,**

**Appellee**

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. DC-C201600332

## MEMORANDUM OPINION

On February 21, 2017, appellants, Mark Servinsky, PE and Servinsky Engineering, PLLC, filed a notice of appeal with the Johnson County District Clerk. In their notice of appeal, appellants indicated their desire to appeal from the trial court's December 16, 2016 order denying their motion to dismiss. Additionally, in their notice of appeal, appellants indicated that the trial court's December 16, 2016 order is an appealable, interlocutory order under section 150.002(f) of the Texas Civil Practice and Remedies

Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (West 2011) ("An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.").

Texas Rule of Appellate Procedure 28.1(a) provides that "[a]ppeals from interlocutory orders (when allowed by statute)" are considered accelerated appeals. TEX. R. APP. P. 28.1(a). Moreover, Rule 28.1(b) states that accelerated appeals must be perfected "by filing a notice of appeal in compliance with Rule 25.1 within the time allowed by Rule 26.1(b) or as extended by Rule 26.3. Filing a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal." *Id.* at R. 28.1(b). Rule 26.1(b), in particular, requires that, in an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed. *Id.* at R. 26.1(b).

In the instant case, the trial court signed its order denying appellants' motion to dismiss on December 16, 2016. However, appellants did not file their notice of appeal until February 21, 2017, which is more than sixty-five days after the trial court's December 16, 2016 order. Thus, appellants' notice of appeal in this matter is untimely. In any event, on February 23, 2017, appellants filed a motion to extend the time to file their notice of appeal pursuant to Texas Rule of Appellate Procedure 10.5(b)(2).[1]

---

[1] In their motion for extension of time to file their notice of appeal, appellants contend that they did not receive notice of the trial court's order denying their motion to dismiss until February 10, 2017. However, in their motion, appellants incorrectly note that the thirty-day deadline for filing a notice of appeal applied in this case. *See* TEX. R. APP. P. 26.1. As noted earlier, this is an accelerated appeal, whereby the notice of appeal was due within twenty days after the trial court signed its order. *See id.* at R. 26.1(b), 28.1. Furthermore, in support of their motion, appellants included an affidavit from Anna B. Newton, a

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). Texas Rule of Appellate Procedure 26.3 provides that we may extend the time to file the notice of appeal "if, within 15 days after the deadline for filing the notice of appeal," the party files a notice of appeal in the trial court and a motion for extension with this Court. TEX. R. APP. P. 26.3. "Once the period for granting a motion for extension of time under Rule 41(a)(2) [now Rule 26.3 of the Texas Rules of Appellate Procedure] has passed, a party can no longer invoke the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 617. The last day appellants could have filed for an extension was Friday, January 20, 2017.[2] As noted above, the notice of appeal was not filed until more than a month later on February 21, 2017. Because appellants failed to file a notice of appeal and motion for extension within fifteen days of the last day for timely filing a notice of appeal, we lack jurisdiction to grant an extension. *See, e.g., Hawkins v. Malone*, No. 10-15-00265-CV, 2015 Tex. App. LEXIS 9048 (Tex. App.—

---

legal assistant for appellant's counsel. In her affidavit, Newton states that she did not begin inquiring about the order until January 20, 2017, which, as noted hereinafter, was the last day that appellants could have filed a motion for extension of time to file the notice of appeal.

Despite the foregoing, on February 28, 2017, this Court informed appellants about the untimeliness of their notice of appeal in light of Texas Rules of Appellate Procedure 26.1(b) and 28.1. *See* TEX. R. APP. P. 26.1(b), 28.1, 42.3, 44.3. We also informed appellants that this appeal is subject to dismissal, unless appellants provided grounds for continuing this appeal within twenty-one days of February 28, 2017. Appellants filed a response the next day.

[2] We note that a motion for extension may be implied if a notice of appeal is filed within fifteen days of the last day allowed for filing. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). However, even if the filing of the notice of appeal on February 21, 2017 implied a motion for extension of time to file a notice of appeal, the implied motion still would not be within fifteen days of the last day allowed for filing a notice of appeal. *See id.*

Servinsky, et al. v. Carolines Garden, LLC

Waco Aug. 27, 2015, no pet.) (mem. op.); *Dade v. Greer*, No. 12-08-00014-CV, 2008 Tex. App. LEXIS 447 (Tex. App.—Tyler Jan. 23, 2008, no pet.) (mem. op.) (per curiam); *In re A.F.T.*, No. 13-04-00257-CV, 2006 Tex. App. LEXIS 5652 (Tex. App.—Corpus Christi June 29, 2006, no pet.) (mem. op.); *White v. Bagley*, No. 06-05-00104-CV, 2005 Tex. App. LEXIS 6835 (Tex. App.—Texarkana Aug. 23, 2005, no pet.) (mem. op.); *Rodriguez v. Round Rock Indep. Sch. Dist.*, No. 03-01-00108-CV, 2001 Tex. App. LEXIS 2189 (Tex. App.—Austin Apr. 5, 2001, no pet.) (per curiam).  Appellants have failed to perfect an appeal.  Accordingly, we dismiss appellant's motion for extension of time to file the notice of appeal and this appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed March 15, 2017
[CV06]

